IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 30 PM 6: 07

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| E-PERFORMAX CONTACT CENTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KENNETH VAN VRANKEN, et al., <br><br> Defendants. | Case No. - 05-02417 D/P |

## ORDER GRANTING THE MOTION OF PLAINTIFF TO REMAND

Before the Court is the motion of e-Performax Contact Centers, Inc. ("Plaintiff") to remand the instant action to the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis ("state court"). Kenneth Van Vranken, B2B Advantage, Inc., Voxx Corporation, and Epixtar Corp. (collectively "Defendants") oppose the motion, asserting that diversity jurisdiction exists. For the following reasons, the Court **GRANTS** Plaintiff's motion to remand.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendants Epixtar and B2B Advantage, Inc., formerly known as SBA Online, Inc., entered into a Services Agreement with Plaintiff on March 3, 2003. Plaintiff was to provide call center services for Epixtar on a sub-contract basis. During the term of the Services Agreement, Plaintiff employed Defendant Kenneth Van Vranken as the General Manager of Plaintiff's Philippines call center in Manila. Defendant Van Vranken and Plaintiff had an employment agreement, which included a two year non-compete clause.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

In September 2003 the Services Agreement between Plaintiff and Defendants was terminated, and Defendant Van Vrankens employment was terminated with Plaintiff on September 13, 2003. On May 6, 2005, Defendant Van Vranken became the Chief Operating Officer ("COO") for Voxx Corporation, a wholly owned subsidiary of Epixtar Corp., a direct competitor of Plaintiff. Prior to this, on April 7, 2005, Defendant Epixtar acknowledged that Defendant Van Vranken worked as its COO. Plaintiff thereafter filed a complaint in the state court against Defendants, seeking in part to prevent Defendants from continuing in their alleged course of conduct. On May 24, 2005, Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441. Plaintiff then filed the instant motion to remand to the state court, asserting that complete diversity does not exist pursuant to 28 U.S.C. § 1332.

## II. STANDARD OF LAW

A case originally filed in state court may be removed to federal court pursuant to 28 U.S.C. § 1441. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." If an action is removed, a federal court may hear the case if the court has subject matter jurisdiction. 28 U.S.C. § 1441.

The removing party carries the burden of showing that removal is proper. See Pullman v. Jenkins, 305 U.S. 534, 540 (1939); Her Majesty the Queen v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989). Any doubt as to whether the removal is proper should be resolved in favor of remand to state court. See 28 U.S.C. § 1447(c); see also Union Planters Nat'l Bank v. CBS, Inc., 557 F.2d 84, 89 (6th Cir. 1977).

## III. ANALYSIS

Plaintiff asserts that the Court should remand the instant action to the state court because Defendants have failed to establish that complete diversity exists between the parties as required by 28 U.S.C. § 1332. Title 28, Section 1332 of the United States Code provides the federal courts with jurisdiction over cases between citizens of different states in which the amount in controversy is "in excess of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

With respect to the parties' citizenship, Plaintiff is a Delaware corporation with its principal place of business in Tennessee; Van Vranken is a Florida resident; Voxx is a Florida corporation with its principal place of business in Florida; Epixtar is a Florida corporation with its principal place of business in Florida; and B2B Advantage, Inc., is a Delaware corporation with its principal place of business in Florida. Defendants assert that there is complete diversity of citizenship because Plaintiff fraudulent joined Defendant B2B Advantage, Inc. in order to prevent diversity. In support of their argument, Defendants rely on the provision in the Services Agreement which provides:

> This Agreement shall be governed by and construed in accordance with the internal law (and not the conflict of laws) of the State of Florida. Any judicial action or proceeding between the parties relating to this Agreement must be brought in the Courts of the State of Florida or the United States District Court located in Miami-Dade County, Florida. Each party consents to the jurisdiction of such courts, and hereby waives all jurisdictional and venue defenses otherwise available to it.

Plaintiff argues that there is not complete diversity of citizenship because itself and B2B are both Delaware corporations. To establish that it did not fraudulently join B2B Advantage, Inc., and that it may proceed with this action in the state courts of Tennessee, Plaintiff relies on another provision of the Services Agreement, which provides that "[e]ach party retains the right to seek judicial assistance:. . . (iii) to seek injunctive relief in the **courts of any jurisdiction as may be necessary**

3

**and appropriate to protect the unauthorized disclosure of its proprietary or confidential information. . . ."** (emphasis added).

Defendants maintain that the forum selection clause governs this dispute and, therefore, B2B cannot be sued in Tennessee by Plaintiff. The interpretation of a contract is a matter of law. Carrier v. Speedway Motorsports, Inc., 151 S.W.3d 920, 928 (Tenn. Ct. App. 2004) (citing Rapp Const. Co. v. Jay Realty Co., 809 S.W.2d 490, 491 (Tenn. Ct. App.1991)). When a court construes a contract, it should look to the parties' intention as expressed in the words used by the parties. Id. at 928-29 (citing Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc., 521 S.W.2d 578, 580 (Tenn. 1975)). The words of the contract should be given their usual and ordinary meaning. Id. at 929.

General principles of contract law require that when "the language of a contract is unambiguous, the parties' intent is discerned from the four corners of the contract." State v. Sudderth, 152 S.W.3d 24, 44 (Tenn. Crim. App. 2004). Furthermore, "[l]anguage whose meaning is otherwise plain is not ambiguous merely because the parties urge different interpretations in the litigation." Id. (quoting Metropolitan Life Ins. Co. v. RJR Nabisco, Inc., 906 F.2d 884, 889 (2d Cir. 1990)). A contract is ambiguous when it may be "fairly . . . understood in more ways than one." Carrier, 151 S.W.3d at 929 (quoting Rogers v. First Tenn. Bank Nat'l Assoc., 738 S.W.2d 635, 637 (Tenn. Ct. App. 1987)). Courts must construe ambiguities against the drafter of a contract. Diversified Energy, Inc. v. Tennessee Valley Authority, 223 F.3d 328, 339 (6th Cir. 2000).

In the instant case, Defendant Epixtar drafted the Services Agreement and Plaintiff agreed to its terms. Although there is an enforceable forum selection clause in the Services Agreement that provides that claims brought against B2B Advantage, Inc., must be brought in Florida, there is also a clause that provides that claims for injunctive relief to protect the proprietary interests of the parties

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

may be brought in courts of any jurisdiction. Plaintiff seeks injunctive relief to prohibit Defendants B2B Advantage, Inc., Voxx, and Epixtar from employing and hiring its employees. Defendant Epixtar drafted the Services Agreement, and, therefore, any ambiguities must be construed against it. As such, the clause in the agreement which provides that all claims must be brought in Florida must be read in conjunction with the clause that permits parties to bring certain claims for injunctive relief in any court of any jurisdiction. The Services Agreement clearly envisioned that claims such as those brought by Plaintiff against Defendants Epixtar and B2B could be brought in the state courts of Tennessee. Otherwise, the clause would be superfluous. Given that Plaintiff and Defendant B2B Advantage, Inc., are both incorporated in Delaware, complete diversity of citizenship does not exist. Accordingly, the Court lack subject matter jurisdiction over the instant action.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Plaintiff's motion to remand. The case is therefore remanded to the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis.[1]

**IT IS SO ORDERED** this 30th day of June, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff requests that the Court order Defendants to pay Plaintiff's costs and actual expenses incurred as a result of the removal. The Court will not require Defendants to pay such costs because Defendants had a good faith basis for removing the case to the federal courts.

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:05-CV-02417 was distributed by fax, mail, or direct printing on July 5, 2005 to the parties listed.

---

Kenny W. Armstrong
CHANCERY COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 308
Memphis, TN 38103

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Michael F. Rafferty
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Jonathan E. Scharff
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT